## MECHANICS' BANK v. STRAITON.

### March, 1867.

The words " or order," " or bearer," and " bearer," in notes, bills and checks. are words of negotiability, and the use of either of them makes the paper negotiable, although impersonal words be used in place of naming a payee ; and if such words be used it is negotiable by delivery without indorsement.

In an action against the maker of negotiable paper, payable to bearer, it is sufficient, after alleging that defendant drew it, to allege that it was transferred and delivered to plaintiff, without saying by whom, if it be also alleged that the transfer was for value, and that plaintiff is the owner.

The Mechanics' Bank of the city of New York sued John Straiton, Charles G. Sandford and Thomas J. Raynor, in the supreme court, as drawers of a bank check. The allegations of the complaint were as follows, omitting averment of plaintiff's incorporation and defendants' co-partnership:

That, at the city of New York, on June 4, 1860, the said defendants, by their said firm name of Straiton, Sanford & Co., drew their certain bank check or draft, of which the following is a copy:

[*Date and number.*]

Bank of the Republic: Pay to bills payable, or order, one thousand dollars. [*Signature.*]

That said check or draft was afterward, for a valuable consideration, transferred and delivered to the plaintiff, whereby said plaintiff became, and is now, the holder and owner thereof.

That said check was, after such transfer to the plaintiff, and on its behalf, duly presented, &c. [*Here followed the usual allegations of non-payment and notice.*]

The defendants demurred, on the ground that the check was not negotiable, and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled at special term.

*The supreme court,* at general term, held, that as the paper was payable to a fictitious payee, it was therefore in effect payable to bearer and that the allegation that it was transferred

and delivered to plaintiff for value, was a sufficient averment, in connection with the other facts appearing by the complaint, that the paper was put in circulation by the drawers. Citing 15 *N. Y.* 425. They accordingly affirmed the judgment. Defendants appealed.

*James C. Carter*, for defendants, appellants;—Cited, *Pars. on N. & B.* 20, 60, 33 ; Gibson *v.* Minet, 1 *H. Bl.* 568, 608 ; Douglass *v.* Wilkeson, 6 *Wend.* 637 ; Prewitt *v.* Chapman, 6 *Ala.* 86 ; *Chitty on Bills*, 156 ; *Byles on Bills*, 60 ; Brown *v.* Gilman, 13 *Mass.* 158 ; Willets *v.* Phœnix Bank, 2 *Duer*, 121 ; Vere *v.* Lewis, 3 *Term R.* 183 ; Minet *v.* Gibson, *Id.* 281 ; *Pars. on B.*, note, p. 32 ; Bennett *v.* Farnell, 1 *Camp.* 130, 180 ; Hunter *v.* Jeffrey, *Peake Add. Cas.* 144, 146 ; 2 *Peake N. P. Cas. ;* Spear *v.* Downing, 34 *Barb.* 522 ; S. C. 12 *Abb. Pr.* 437 ; 22 *How. Pr.* 30 ; Prindle *v.* Caruthers, 15 *N. Y.* 425 ; Yates *v.* Nash, 8 *Com. B. N. S.* 581.

*William H. Scott*, for plaintiffs, respondents;—Cited, Prindle *v.* Caruthers, 15 *N. Y.* 425 ; Jones *v.* Witter, 13 *Mass.* 305 ; Franklin Bank *v.* Raymond, 3 *Wend.* 69 ; United States *v.* White, 2 *Hill*, 59 ; Prescott *v.* Hull, 17 *Johns.* 284 ; Billings *v.* Jane, 11 *Barb.* 620 ; Chapman *v.* White, 6 *N. Y.* (2 *Seld.*) 212 ; Purdy *v.* Vermilya, 8 *N. Y.* (4 *Seld.*) 346 ; Minet *v.* Gibson, 1 *H. Bl.* 569 ; Coggill *v.* American Exchange Bank, 1 *N. Y.* (1 *Comst.*) 113.

By THE COURT.—SCRUGHAM, J.—The rules which establish the negotiability of commercial paper apply to bank checks as to other bills of exchange, and the doctrine that when such instruments are made payable to the order of a fictitious payee, they are to be construed and treated as payable to bearer, is too well settled to admit of serious question. In the great case of Gibson *v.* Minet, 1 *H. Bl.* 569, the determination proceeded upon the ground that, according to the true intent and meaning of the parties, the bill was intended to be made payable to bearer.

The words, " or order," " or bearer," and " bearer," in notes or bills, are words of negotiability, without which or other equivalent words the instrument will not possess that quality, and therefore the use of either of these expressions by the

drawer of a bill or maker of a note, must be regarded as indicating his intentions that the paper shall be negotiable.

By naming the persons to whose order the instrument is payable, the maker manifests his intention to limit its negotiability by imposing the condition of indorsement upon its first transfer. But no such intention is indicated by the designation of a fictitious or impersonal payee, for indorsement under such circumstances is manifestly impossible; and words of negotiability, when used in connection with such designations, are capable of no reasonable interpretation except as expressive of an intention that the bill shall be negotiable without indorsement,—*i. e.*, in the same manner as if it had been made payable to bearer.

It was not, before the Code, necessary for the holder of an instrument payable to bearer, to allege or prove in an action against the maker the transfers through which he derived his title (2 *Greenl. on Ev.* § 161, and cases there cited; 3 *Phill. on Ev.* 4 Am. ed. 191); and it certainly is not now.

The engagement is to pay to the bearer; and that the plaintiff is such is one of the material elements of his cause of action.

The fact must, therefore, be stated in his complaint, and its statement will be a sufficient allegation of his title; for it is the fact, and not evidence of the fact, which is required to be pleaded.

It is not only stated in the complaint in this action that the plaintiff is the holder and owner of the check, but also that it was transferred and delivered to him for a valuable consideration, and that he became its owner and holder by virtue of that transfer and delivery. This cannot be true unless the drawer of the check transferred and delivered it directly to the plaintiff, or to some other person by or through whom it was transferred to the plaintiff; and this averment, if an allegation of a transfer and delivery by the drawer is necessary, is sufficient on demurrer, within the cases of People *ex rel.* Crane *v.* Ryder, 12 *N. Y.* (2 *Kern.*) 433, and Prindle *v.* Caruthers, 15 *Id.* 425.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.